UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY S. NEWSOM & DAWN MCCOY m/d )<br>)<br>**Plaintiffs** )<br>)<br>vs. )<br>)<br>WELTMAN, WEINBERG & REIS )<br>CO., L.P.A. )<br>**Defendant** ) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Amy S. Newsom and Dawn McCoy, m/d, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiffs, Amy S. Newsom and Dawn McCoy, m/d, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III.   PARTIES

4.      Plaintiffs, Amy S. Newsom and Dawn McCoy, m/d, are adult natural persons residing in St. Charles, MO.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Weltman, Weinberg & Reis Co., L.P.A. (hereafter, Defendant), at all times relevant hereto, is and was a legal professional association engaged in the business of collecting debt within the Commonwealth of Kentucky and the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.      In or around July, 2012, Plaintiff, Amy entered into a settlement arrangement with the Defendant on a debt allegedly owed toward a past due school loan.

8.      Plaintiff was said to owe a balance of approximately $10,000.00.

9.      Plaintiff, Amy, continually offered to make monthly payments of $100.00 toward this account.

10.     Defendant refused to accept Plaintiff's settlement offer, stating that it was not enough.

11. After several calls demanding more money that the Plaintiff, Amy, did not have she sent in a payment of $50.00 on her own.

12. Defendant accepted the payment, and did not return it.

13. At that time, the Defendant finally offered the Plaintiff a chance to settle the account through a "hardship program".

14. Plaintiff, Amy, was to make $50.00 payments on the 15th and the last day of each month until the debt was paid in full.

15. Plaintiff, Amy, made each payment via the Defendant's web site.

16. All payments to date have been made on time.

17. All payments to date have been accepted by the Defendant.

18. Despite payments being made Defendant began to place calls to Plaintiff, Dawn, at her place of employment and to her work issued cell phone.

19. Plaintiff, Dawn, has informed the Defendant many times that she is not permitted to receive calls to work or to her work issued cell phone but the calls continue.

20. Plaintiff, Amy, placed a call to the Defendant to also ask them to stop calling her mother in work but the Defendant refused to speak with Amy or stop the calls.

21. During the most recent call on or about January 14, 2013, Defendant insisted that Plaintiff, Dawn, refinance the above referenced loan immediately or the Defendant could go after her retirement accounts for full payment.

22. Before ending this call, the Defendant informed Plaintiff, Dawn, that they were no longer interested in accepting the monthly payments of $100.00 from Amy, and that the only way to take care of this account was to refinance the loan.

23. The Defendant acted and continues to act in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

27. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I - FDCPA**

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to inconvenient to the consumer |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communications |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Weltman, Weinberg & Reis Co., L.P.A., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### V.  JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: January 30, 2013          BY: */s/Brent F. Vullings bfv8435*
                                Brent F. Vullings, Esquire
                                Vullings Law Group, LLC
                                3953 Ridge Pike
                                Suite 102
                                Collegeville, PA 19426
                                P: 610-489-6060
                                F: 610-489-1997
                                Attorney for Plaintiffs
                                bvullings@vullingslaw.com